UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

GARY DEWAYNE WEBER,     Plaintiff,

v.     Civil Action No. 3:16-cv-779-DJH

LOUISVILLE METRO POLICE DEPARTMENT et al.,     Defendants.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Gary Dewayne Weber filed this *pro se* action proceeding *in forma pauperis*. Because Plaintiff is proceeding *in forma pauperis*, the Court must perform an initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

This action, which names the Louisville Metro Police Department (LMPD) and the Carrollton Police Department (CPD) as Defendants, was filed shortly after this Court's entry of a Memorandum Opinion in another of Plaintiff's cases warning him that "any additional lawsuits against LMPD and CPD repeating the allegations made in this and previous lawsuits will result in sanctions imposed against him, including potential monetary sanctions and filing restrictions." *Weber v. Louisville Metro Police Dep't*, No. 3:16-CV-381-DJH, 2016 WL 6909483, at *3 (W.D. Ky. Nov. 22, 2016). That Memorandum Opinion noted that Plaintiff had filed three other previous actions against LMPD and CPD essentially repeating the same allegations of racial discrimination, false arrest, abuse, and the confiscation of his property, each of which was dismissed. *See* Civil Action Nos. 3:16-cv-85-DJH (dismissed for failure to establish municipal liability and for lack of subject matter jurisdiction under *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)); 3:15-cv-754-DJH (dismissed for failure to establish municipal liability and for lack

of subject matter jurisdiction under *Apple v. Glenn*); 3:15-cv-573-JHM (dismissed for failure to meet the notice-pleading standard under Fed. R. Civ. P. 8(a) and for failure to state a claim). Plaintiff also filed two previous cases alleging essentially the same facts naming LMPD only. *See* Civil Action Nos. 3:14-cv-715-DJH (dismissed for failure to meet the notice-pleading standard under Fed. R. Civ. P. 8(a) and for failure to state a claim); 3:14-cv-315-CRS (dismissed for failure to meet the notice-pleading standard under Fed. R. Civ. P. 8(a)).

A review of the complaint in the instant case reveals that Plaintiff is merely repeating allegations made in prior lawsuits against LMPD and CPD. His complaint alleges that there is a "hang out" for police and peace officers who heckle and make racist comments at a store plaza where Plaintiff regularly shops. He states that officers have been lying about him for eight years and trying to make him "find out about crimes about people that I don't know about!" He complains about corrupt police, having been falsely arrested several times between 2007 and 2017, and of officers of both police departments plotting to murder him by making a false arrest for crimes he did not commit. He states that the basis for federal question jurisdiction in this case is "civil rights, to spong my record, and live in peace."

Section 1983 of title 42 of the United States Code provides the exclusive remedy for constitutional claims brought against state and local officials and local units of government. *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989). Police departments like LMPD and CPD are not suable under § 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983). Rather, the claims against the LMPD are against the Louisville Metro Government as the real party in interest, and the claims against the CPD are against the City of Carrollton as the real party in interest. *See Matthews v.*

*Jones*, 35 F.3d at 1049 ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint.").

As explained in prior Memoranda and Opinions in Plaintiff's cases, when a § 1983 claim is made against a municipality, this Court must not only analyze whether Plaintiff's harm was caused by a constitutional violation but also whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992).

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

None of the allegations in the complaint demonstrate that any alleged wrongdoing or injury occurred as a result of a policy or custom implemented or endorsed by either the Louisville Metro Government or the City of Carrollton. Accordingly, the complaint fails to establish a basis of liability against the municipalities and fails to state a cognizable § 1983 claim.

Moreover, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Plaintiff's complaint meets this standard. Therefore, this action will be dismissed by separate Order.

Finally, because Plaintiff is again raising essentially the same allegations he raised in *Weber v. Louisville Metro Police Dep't*, No. 3:16-CV-381-DJH and other cases despite the Court's prior warning, it is appropriate for this Court to enter sanctions against Plaintiff.

Proceeding *in forma pauperis* is a privilege and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998). It is well-established that the federal courts may revoke or deny the privilege of proceeding as a pauper when a litigant abuses the privilege by repeatedly filing frivolous, harassing, or duplicative lawsuits. *See In re McDonald*, 489 U.S. 180, 184-85 (1989) (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989) (per curiam). When a litigant abuses the privilege of proceeding *in forma pauperis* by repeatedly filing frivolous lawsuits, federal courts have the inherent power to impose appropriate sanctions, including restrictions on future access to the judicial system, to deter future frivolous, harassing, or duplicative lawsuits. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-45 (1991); *Futernick v. Sumpter Twp.*, 207 F.3d 305, 314 (6th Cir. 2000); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). While this Court cannot absolutely foreclose an individual from initiating an action or pursuing an appeal in federal court, *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996), the Court may impose prefiling restrictions on an individual with a history of repetitive or vexatious litigation. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); *Ortman*, 99 F.3d

at 811.  A district court may properly require prolific litigators to obtain leave of court before accepting any further complaints for filing, *see Filipas*, 835 F.2d at 1146, and may deny a vexatious litigant permission to proceed *in forma pauperis*.  *See, e.g.*, *Boswell v. Wright*, 142 F.3d 432 (6th Cir. 1998).  The imposition of these prospective orders has been upheld where a litigant has demonstrated a "history of unsubstantial and vexatious litigation [amounting to] an abuse of the permission granted to him to proceed as a pauper in good faith . . . ."  *Maxberry*, 879 F.2d at 224.  It is clear to this Court that Plaintiff's litigation history amounts to such an abuse.

Given Plaintiff's abusive case filings, the Court concludes that the least severe sanction likely to deter him from filing future duplicative, vexatious, and frivolous lawsuits is to impose a permanent injunction prohibiting him from proceeding *in forma pauperis* in any future action filed in this Court against the LMPD or the CPD.  This injunctive relief has no punitive aspect and serves a purely deterrent function.  Accordingly, **IT IS HEREBY ORDERED** that:

**Gary Dewayne Weber shall no longer be permitted to proceed *in forma pauperis* in any action in the United States District Court for the Western District of Kentucky against the LMPD or CPD**.  **The Clerk of Court is DIRECTED not to accept for filing any action by Gary Dewayne Weber against either of these entities that is not accompanied by the proper filing fee**.

Date: April 5, 2017

**David J. Hale, Judge**
**United States District Court**

cc:   Plaintiff, *pro se*
      Defendants
      United States District Court, Western District of Kentucky, all divisional offices
4415.009

5